IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| David A. Oppenheimer<br><br>Plaintiff<br><br>v.<br><br>Lambda Tours, Inc., et al.,<br><br>Defendants. | Case No. 1:20-cv-00570-PAG<br><br>Judge Patricia A. Gaughan |

## ANSWER

Defendants Lambda Tours, Inc. ("Lambda") and R. Hadden Hippsley ("Hippsley") answer the Complaint of Plaintiff David A. Oppenheimer as follows:

### JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 et. seq., (hereinafter the Copyright Act.).

**RESPONSE:** This paragraph contains legal conclusions, to which no answer is required. To the extent an answer is required, Defendants admit that this action, as set forth in the Complaint as originally filed, is an action for alleged copyright infringement purporting to arise under the copyright laws of the United States, 17 U.S.C. 101 et. seq.

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

**RESPONSE:** This paragraph contains legal conclusions, to which no answer is required. To the extent an answer is required, Defendants do not contest subject matter jurisdiction with respect to the allegations set forth in the Complaint as originally filed.

## THE PARTIES

3. Oppenheimer is a citizen of North Carolina engaged in the business of professional photography, and who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. However, due to the very low amount at risk in this action, Defendants do not contest the allegations of this paragraph.

4. Hippsley is an individual citizen of the State of Ohio, as well as the owner, officer, manager, registered agent, and/or other genre of principal of Lambda, and will receive actual notice of this filing by service upon him at 11401 Snowville Road, Brecksville, OH 44141, or wherever else he may be found.

**RESPONSE:** The "Hippsley" defined in the Complaint is not an individual associated with Lambda Tours, Inc. R. Hadden Hippsley ("Hippsley") is an individual associated with Lambda Tours, Inc. Hippsley admits that he is an individual citizen of the State of Ohio, as well as the owner, officer, manager, registered agent, and/or other genre of principal of Lambda. Hippsley does not contest service of the Complaint.

5. Lambda is an Ohio corporation and will receive actual notice of this Complaint by service upon its registered agent, Hadden R. Hippsley, PO Box 41155, Brecksville, OH 44141, or at its principal office at 1305 W. 80th St, Cleveland, OH 44102.

**RESPONSE:** Lambda admits that it is an Ohio corporation having a registered agent located at PO Box 41155, Brecksville, OH 44141. Lambda denies that its registered agent is "Hadden R. Hippsley." Lambda denies that its principal office is located at 1305 W. 80th St, Cleveland, OH 44102. Lambda does not contest service of the Complaint.

## INTRODUCTORY FACTS

6. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the photograph at issue in this matter (the "Work") (See Exhibit 1).

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. However, due to the very low amount at risk in this action, Defendants do not contest the allegations of this paragraph.

7. Oppenheimer makes his photographic works available for print sales and licensing online at his website http://www.performanceimpressions.com.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. However, due to the very low amount at risk in this action, Defendants do not contest the allegations of this paragraph.

8. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, et seq., and all other laws governing federal copyright applicable to the Work and registered the copyrights with the Register of Copyrights at the U.S. Copyright Office. Attached hereto as Exhibit 2 are true and correct copies of the certificate of registration and the deposit photograph for the registration certificate entitled "2013 Bonnaroo Music Festival" bearing certificate number VAu 1-133-970.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. However, due to the very low amount at risk in this action, Defendants do not contest the allegations of this paragraph.

9. At all relevant times hereto, Oppenheimer has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photographic Work. Oppenheimer's copyrights in the above-described Work are presently valid and subsisting and were valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. However, due to the very low amount at risk in this action, Defendants do not contest the allegations of this paragraph.

10. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information (hereinafter, "CMI") on his copyrighted photographs when they are first published by him, and thereafter. The Work at issue in this case, as first published, prominently displayed his CMI in the caption and with a watermark, as well as embedded in the metadata of the Work. Additionally, because Defendants are active members in the music event and production management industry, upon information and belief, they are well-versed in intellectual property and rights-management. Thus, Defendants were on notice and appreciated that the Work was copyright-protected and could not be used without license.

**RESPONSE:** Defendants deny that they are "well-versed in intellectual property and rights-management" and that they were "on notice and appreciated that the Work was copyright-protected and could not be used without license." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph. However,

4

due to the very low amount at risk in this action, Defendants do not contest the allegations of this paragraph.

11. Fewer than three years before this filing, Oppenheimer discovered that one or more of the Defendants, or someone at their direction, infringed his copyrights by uploading, distributing, and/or publishing (or directing others to do so) his protected image for the purpose of advertising, marketing, and/or promoting/attracting viewers to their website, www.lambdaproductions.com. See Exhibit 3.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

12. The work was displayed by Defendants on (at least) the following URLs:

- http://www.lambdaproductions.com/?p=62 (now redirects to): http://www.lambdaproductions.com/bonnaroo-music-and-art-festival/
- http://www.lambdaproductions.com/wp-content/uploads/2011/12/BRO-Overview- 580x395.png; and
- http://www.lambdaproductions.com/wp-content/uploads/2011/12/BRO-Overview.png

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. However, due to the very low amount at risk in this action, Defendants do not contest the allegations of this paragraph.

13. Upon information and belief, Defendants accessed Oppenheimer's Work on the Web, scraped the image, cropped-out Oppenheimer's Copyright Management Information from the face of the work, and then utilized it in advertising materials to market, or otherwise promote, their business.

**RESPONSE:** Defendants deny they utilized the Work in advertising materials to market, or otherwise promote, their business. Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of this paragraph, and therefore deny the same.

14. On September 18, 2018, Oppenheimer's attorney sent Defendants a letter about their infringement of the copyrighted Work, and requested information about the nature and extent of their infringing activities (Exhibit 4). Through several other attempted communications with the defendants, the parties have been unable to reach a resolution through a negotiated settlement, and so this suit was filed.

**RESPONSE:** Defendants admit that they received a letter from plaintiff's counsel dated September 18, 2018. Defendants deny the remaining allegations of this paragraph.

## CAUSES OF ACTION

### COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

15. Oppenheimer re-alleges and incorporates paragraphs 1 – 14 above as if recited verbatim.

**RESPONSE:** Defendants restate and incorporate by reference their responses to the incorporated paragraphs.

16. Defendants, without knowledge or intent, infringed Oppenheimer's copyrights in and to the Work by scanning, copying, reproducing, distributing, publishing, and/or otherwise using unauthorized copies of said photographs within the United States, in violation of Title 17 USC §101 et seq.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. However, due to the very low amount at risk in this action, Defendants do not contest the allegations of this paragraph.

17. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in Title 17.

**RESPONSE:** Due to the very low amount at risk in this action, Defendants do not contest that Oppenheimer is entitled to injunctive relief and some measure of damages. Defendants deny the remaining allegations of this paragraph.

### COUNT II – RECKLESS/WILLFUL COPYRIGHT INFRINGEMENT

18. Oppenheimer re-alleges and incorporates paragraphs 1 – 17 above as if recited verbatim.

**RESPONSE:** Defendants restate and incorporate by reference their responses to the incorporated paragraphs.

19. Alternatively, Defendants have recklessly/willfully infringed Oppenheimer's copyrights in and to the Works shown on Exhibit 1 by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17.

**RESPONSE:** Defendants deny the allegations of this paragraph.

20. As is his pattern and practice, Oppenheimer had clearly marked the Work -- both on the face of the image in legible caption, and in the metadata -- with his CMI, including a © notice of copyright, stating that all rights are reserved, including instructions, Oppenheimer's address, phone number, email, and website URL. Oppenheimer does this to distinguish his Works from the works of others in his field, to provide a way for potential licensees to contact

him for purchasing licenses, as well as to ensure that anyone who merely views his Works appreciates that he owns all rights and title in them.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

21. Upon information and belief, Defendants, or a third party acting on their behalf, saw Oppenheimer's copyright notice on the face of the image prior to scraping it from the World Wide Web, and uploading it to the Lambda website. Further, Defendants, or someone on their behalf, removed Oppenheimer's copyright notice from the face of the Work, as well as all his CMI from within its metadata, before uploading and distributing it. Therefore, because they had the opportunity to appreciate that Oppenheimer was the sole author and owner of the Work, and still used it without license or authorization, Defendants recklessly/willfully infringed the Work. Finally, with respect to recklessness/willfulness, fifteen days after demand was made for Defendants to cease their infringing activities, Oppenheimer had to again make demand that Defendants cease, because the infringement continued at these two URLs:

> http://www.lambdaproductions.com/wp-content/uploads/2011/12/BRO-Overview-580x337.png; and
> http://www.lambdaproductions.com/wp-content/uploads/2011/12/BRO-Overview.png

**RESPONSE:** Defendants deny that they engaged in any infringing activity after a demand was made to cease allegedly infringing activities. Defendants also deny that they recklessly/willfully infringed the Work. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore deny the same.

22. Upon information and belief, one or more of the Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer

monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages (including disgorgement of Defendants' profits), and other relief set forth in the Act.

**RESPONSE:** Defendants deny the allegations of this paragraph.

**COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT**

23. Oppenheimer re-alleges and incorporates paragraphs 1 – 22 hereinabove as if recited verbatim.

**RESPONSE:** Defendants restate and incorporate by reference their responses to the incorporated paragraphs.

24. Pleading further but without waiver of the foregoing, Oppenheimer shows while the infringing acts were being performed, Hippsley was an officer, director, manager, and/or other genre of controlling principal of Lambda.

**RESPONSE:** Defendants admit that Hippsley was an officer, director, manager, and/or other genre of controlling principal of Lambda during the period of alleged infringing activity. Defendants deny the remaining allegations of this paragraph.

25. On information and belief, Hippsley controlled nearly all decisions and activities of Lambda, and is the dominant influencers in the company. Hippsley provided hands-on decision making with respect to the activities of Lambda, making many, if not most, of the decisions. Hippsley thus had the right and ability to supervise and/or control the infringing conduct of Lambda – and of its employees, agents, or servants – and/or to stop the infringements once they began. Additionally, and upon information and belief, Hippsely had an obvious and direct financial interest in the infringing activities of the entity he ran.

**RESPONSE:** Defendants admit that Hippsley provides hands-on decision making with respect to the activities of Lambda and had the right and ability to supervise and/or control allegedly infringing conduct of Lambda – and of its employees, agents, or servants – and/or to stop alleged infringements once they began. Defendants deny the remaining allegations of this paragraph.

26. Accordingly, Hippsley is personally liable to Oppenheimer as a joint and/or contributory infringer or is otherwise vicariously liable for the infringing activities of Lambda.

**RESPONSE:** Defendants deny the allegations of this paragraph.

## COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

27. Oppenheimer re-alleges and incorporates paragraphs 1 – 26 above as if recited verbatim.

**RESPONSE:** Defendants restate and incorporate by reference their responses to the incorporated paragraphs.

28. Alternatively, Hippsley has intentionally induced, encouraged, caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements, and/or have refused to exercise his right and/or ability to stop the infringement(s) after they began.

**RESPONSE:** Defendants deny the allegations of this paragraph.

29. On information and belief, Hippsley is the dominant influences in Lambda. Hippsley provides hands-on decision making with respect to the activities of Lambda, sets and controls the company's policies and protocols, and establishes corporate rules and cultures which encouraged the infringing activities. Hippsley therefore had the right and ability to supervise and/or control the infringing conduct of Lambda – and of its employees, agents, or servants –

and/or to stop the infringements once they began, but either directly refused to exercise such rights or chose to remain willfully blind to the infringing activities while creating a work environment that encouraged and enabled the same. Additionally, and upon information and belief, Hippsley had an obvious and direct financial interest in the infringing activities of Lambda.

**RESPONSE:** Defendants admit that Hippsley provides hands-on decision making with respect to the activities of Lambda and had the right and ability to supervise and/or control allegedly infringing conduct of Lambda – and of its employees, agents, or servants – and/or to stop alleged infringements once they began. Defendants deny the remaining allegations of this paragraph.

30. Accordingly, Hippsley is personally liable to Oppenheimer as a contributory infringer for the infringing activities of Lambda.

**RESPONSE:** Defendants deny the allegations of this paragraph.

## COUNT V
## VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT

31. Oppenheimer re-alleges and incorporates paragraphs 1 – 30 above as if recited verbatim.

**RESPONSE:** Defendants restate and incorporate by reference their responses to the incorporated paragraphs.

32. As is his pattern and practice, Oppenheimer clearly marked the Work with his CMI on the face of the images, in legible captions just below the image, and within the metadata of the image. Oppenheimer's facial CMI always includes a "©" or the word "Copyright" in the lower right corner of Works he publishes; CMI in the metadata always includes proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions,

11

Oppenheimer's address, phone number, email, and the Performance Impressions website URL. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view his Works appreciate that he owns all rights and title to them. On information and belief, one or both Defendants, or third parties at their direction and behest (discovery will reveal which), violated the DMCA by removing Oppenheimer's CMI.

**RESPONSE:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore deny the same.

33. In accomplishing the infringements identified above, and upon information and belief, one or more of the Defendants, or a third party at their behest, intentionally removed and/or cropped-off the CMI from the face of Oppenheimer's Work.

**RESPONSE:** Defendants deny the allegations of this paragraph.

34. Upon information and belief, one or more of the Defendants distributed copies and/or derivatives of Oppenheimer's Work knowing that such CMI had been cropped-off the face of it or had been otherwise removed, all without authorization.

**RESPONSE:** Defendants deny the allegations of this paragraph.

35. At the time that Oppenheimer's CMI was cropped-off or otherwise removed from his Work, and at the time the Work was distributed having had its CMI cropped-off or removed, Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal infringements of Oppenheimer's copyrights.

**RESPONSE:** Defendants deny the allegations of this paragraph.

36. Oppenheimer is entitled to and seeks recovery of statutory damages from Defendants not less than $2,500, and not exceeding $25,000 for each act committed in violation of his rights under 17 U.S.C. § 1203(c)(3)(B).

**RESPONSE:** Defendants deny the allegations of this paragraph.

37. Pursuant to 17 U.S.C. § 1203(b)(5), Oppenheimer is entitled to recover, and therefore seeks the recovery of his Lodestar costs, including reasonable attorney's fees.

**RESPONSE:** Defendants deny the allegations of this paragraph.

## CAUSATION/DAMAGES

38. As a result of Infringers' above-described acts of copyright infringement, Oppenheimer has sustained actual damages in an amount not yet ascertained, but which discovery will illuminate. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of the infringers' profits attributable to their infringements, statutory damages including for the DMCA violations; research time tracking-down and documenting the infringements, research time tracking-down and emailing and calling the infringers, and attorneys' and paralegals' time trying to amicably resolve the matter, and for the drafting, filing and service of this complaint, citations, waivers of service and related documents.

**RESPONSE:** Defendants deny the allegations of this paragraph.

## ADDITIONAL DEFENSES

Without conceding that any of the following necessarily must be pled or is an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Defendants' right to plead additional defenses as discovery in the facts of the matter warrant, Defendants also asserts the following additional defenses:

### FIRST ADDITIONAL DEFENSE
### (Innocent Infringement)

Defendants were not aware and had no reason to believe that they committed any acts that constituted an infringement of copyright.

13

|  |  |
|---|---|
| Dated: <u>May 18, 2020</u> | Respectfully submitted, |
|  | /s/ Mark C. Johnson |
|  | Mark C. Johnson (0072625) |
|  | mjohnson@rennerotto.com |
|  | Nicholas J. Gingo (0083684) |
|  | RENNER OTTO |
|  | 1621 Euclid Avenue |
|  | Floor 19 |
|  | Cleveland, Ohio 44115 |
|  | T: +1.216.736.3170 |
|  | F: +1.216.621.6165 |
|  | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

                                                                                                              /s/ *Mark C. Johnson*